UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LELAND FOSTER, | ) |
| Plaintiff, | ) Case No. 1:24-cv-107 |
| v. | ) |
| | ) Judge |
| JENNJO LLC, an Indiana limited liability company, | ) |
| And | ) |
| TURBO RESTAURANTS US, LLC, a Delaware limited liability company, | ) |
| Defendants. | |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

NOW COMES Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. Counsel for Plaintiff, who hereby files this Complaint against the named Defendant JennJo LLC, an Indiana limited liability company, and Defendant Turbo Restaurants US, LLC, a Delaware limited liability company, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Indiana as venue lies in the judicial district of the property *situs*. The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, **LELAND FOSTER** ("Plaintiff" or "Mr. Foster"), is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant JennJo LLC owns the property located at 2702 Guilford St., Huntington, IN 46750 in Huntington County, and Turbo Restaurants US, LLC operates a business at the same address which is a fast food restaurant known as Arby's. Plaintiff has patronized Defendants' property and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

6. Plaintiff has patronized Defendants' restaurant previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

7. Upon information and belief, the restaurant owned or operated by the Defendant is non-compliant with the remedial provisions of the ADA. As the Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, the Defendant is responsible for complying with the obligations of the ADA.  Defendant's restaurant is a place of public accommodation.  Defendant's property and business fail to comply with the ADA and its regulations, as also described further herein.

8. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also, as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

9. Mr. Foster has traveled to the area to frequents the state parks, restaurants, shopping centers, businesses and establishments of Northern Indiana and surrounding area, including the Defendant's property that form the subject of this complaint.

10. Mr. Foster also passes through Huntington Indiana specifically 2 or 3 times annually for the past 10 years when he attends adaptive sporting event at Purdue University and while en route to sporting events in Champaign Urbana, Illinois area.  And he happens to specifically prefer Arby's for fast food.

11. On February 27, 2024, Plaintiff was a dine in customer at the Arby's restaurant, and he plans to return to the property to avail himself of the goods and services offered to the public at the property.  The Plaintiff has encountered architectural barriers at the subject

property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

12. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as customer and as a "tester," visited the restaurant, encountered barriers to access at the restaurant, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

13. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in

violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the restaurant without fear of discrimination.

14. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

15. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

16. A preliminary inspection of the restaurant owned or operated by the Defendant has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

**Parking:**

A. Designated accessible parking spaces lack required signage, in violation of the ADA section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required, or at minimum, readily achievable.

B. The accessible route from the designated accessible parking to the entrance has cracks and changes in level in excess of 1/4 inch, in violation of the ADA and section 303.2 of the 2010 Standards and 1991 ADAAG section 4.5.2, whose remedy is strictly required or, at minimum, readily achievable.

**Restrooms**

C. Restroom signage lacks tactile Braille and the sign providing information is not located alongside the door on the latch side, in violation of the ADA section 703 of the 2010 Standards and 1991 ADAAG section 4.30.6 whose remedy is strictly required, or at minimum, readily achievable.

D. The men's room lavatory's pipes are not insulated to protect against scalding or contact, in violation of the ADA and section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

E. The men's restroom mirror is located over 40 inches from the finish floor to the reflective surface, in violation of the ADA and section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.2, whose remedy is strictly required or, at minimum, readily achievable.

F. The men's restroom toilet compartment door lacks door pulls on both sides, requires tight grasping or twisting to operate, and is not self-closing, in violation of the ADA and section 604.8.1.2 of the 2010 Standards and 1991 ADAAG section 4.17.5, whose remedy is strictly required or, at minimum, readily achievable.

G. The hook inside the men's restroom stall is located above allowable reach range, in violation of the ADA and section 308.2 of the 2010 Standards and 1991 ADAAG section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

H. The men's restroom toilet compartment's rear grab bar does not meet required length, in violation of the ADA and section 604.7 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

I. The toilet paper dispenser in the men's restroom is not mounted 7 inches minimum to 9 inches maximum in front of the water closet measured to the centerline of the dispenser, in violation of the ADA and section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.6, whose remedy is strictly required or, at minimum, readily achievable.

J. The men's restroom toilet compartment lacks required clear floor space around the water closet, in violation of the ADA and section 604.3.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

K. The men's restroom water closet flush control is not located on the open side of the unit in violation of the ADA and section 604.9.5 of the 2010 Standards and 1991 ADAAG section 4.16.5, whose remedy is strictly required or, at minimum, readily achievable.

L. The men's restroom water closet is located too far away from the side wall and the side partition and is not 16 inches minimum to 18 inches maximum measured to centerline of the water closet of either the wall or partition, in violation of the ADA and section 604.2 of the 2010 Standards and 1991 ADAAG section 4.16.2, whose remedy is strictly required or, at minimum, readily achievable.

M. There is not clear floor space of 30 inches minimum by 48 inches minimum in front of the baby changing station in the toilet compartment for a person who uses a wheelchair for mobility to use it, in violation of the ADA and section 305.3 of the 2010 Standards and 1991 ADAAG section 4.2.4.1, whose remedy is strictly required or, at minimum, readily achievable.

N. Upon information and belief, there are similar barriers to accessibility in the women's restroom, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable.  A survey of the women's restroom is required.

**Policies and Procedures**

    O. The Defendants lack or have inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy whose remedy is strictly required or at minimum is readily achievable.

    P. The Defendants' inadequate procedures for the benefit of its patrons with disabilities extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Leland Foster.

17. The discriminatory violations described in Paragraph 16 by the Defendants is not an exclusive list of the ADA violations believed to exist at the place of public accommodation.  Plaintiff requires further inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

### COUNT I
### VIOLATION OF THE AMERICANS WITH DISABILITES ACT

18. Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19. The restaurant at issue, as owned and/or operated by the Defendants, JennJo LLC and Turbo Restaurants US, LLC constitutes a public accommodation and service

establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

20. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the store accessible to and usable by persons with disabilities, including Plaintiff.

21. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

22. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendants to come into full compliance with the implementing regulations of the ADA or at minimum to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF INDIANA CIVIL RIGHTS LAW
### In. Code §22-9-1 et seq.

23. Plaintiff restates the allegations of ¶¶1-22 as if fully rewritten here.

24. The Defendants, JennJo LLC and Turbo Restaurants US, LLC own and operates a "place[s] of public accommodation" pursuant to In. Code §22-9-1-3(m).

25. Defendants committed unlawful acts pursuant to In. Code §22-9-1-2(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. To wit, the restaurant does not have restroom facilities that can be used by a person who uses a wheelchair.

26. Pursuant to In. Code §22-9-1-6, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net
*admitted to N. Dist. Indiana bar